## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

BARBARA ELLIS,

     Appellant,

v

CHASE HOME FINANCE, LLC,
JPMORGAN CHASE BANK, N.A.,
DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee, and
UNKNOWN TRUST, the currently
unknown asset-backed security at issue,

     Defendants.

Appeal No. 15-1059

Trial Court No. 2:14-cv-11186
Honorable Laurie J. Michelson
Mag. Judge Michael J. Hluchaniuk

_____

**GANTZ ASSOCIATES**

By: Adam J. Gantz (P58558)
Attorneys for Appellant
31275 Northwestern Highway, Ste 208
Farmington Hills, MI 48334
Telephone: (248) 987-6505
agantz@gantzassociates.com

**DYKEMA GOSSETT PLLC**
Kyle R. Dufrane (P58809)
Thomas H. Trapnell (P74345)
Attorneys for Appellees
400 Renaissance Center
Detroit, MI 48243
(313) 568-6529
kdufrane@dykema.com
ttrapnell@dykema.com

_____

## <u>MOTION FOR LEAVE TO WITHDRAW</u>

Gantz Associates (the "Attorneys"), hereby moves for leave to withdraw as counsel for Appellant, Barbara Ellis, as follows:

1.    Both LR 83.30 and MCR 2.117(B)(3)(a) authorize an attorney to seek leave of the Court to withdraw as counsel for a party.

2.    The Michigan Rules of Professional Conduct establish that withdrawal should be granted where the client insists upon pursuing an objective

that the lawyer considers imprudent (MRPC 1.16(b)(3); where the client fails substantially to fulfil an obligation to the lawyer regarding the lawyer's services (MRPC 1.16(b)(4); where the representation has been rendered unreasonably difficult by the client (MRPC 1.16(b)(5); or where other good cause exists (MRPC 1.16(b)(6)).

3.    The Attorneys respectfully request the Court enter an order permitting them to withdraw as counsel for Appellant in this case, because of a breakdown of the attorney-client relationship, as evidenced by the failure and/or refusal of the Appellant to pay any of her attorney fees or costs of this appeal; the insistence of Appellant to appeal new issues and/or issues that were not previously litigated in the underlying lawsuit; and the insistence of Appellant to take unilateral action against Appellees, outside of this appeal.

4.    To protect the interests of Appellant, she should be granted an extension of at least 30 days from the date of withdrawal of the Attorneys to retain counsel or otherwise prepare to represent their interests in this appeal.

5.    The Attorneys sought concurrence for the relief sought in this motion from Appellant on various occasions, including February 24, 2015, but were unable to obtain concurrence.

WHEREFORE, the Attorneys request the Court enter an order permitting them to withdraw as counsel for Appellant, and granting Appellant at least 30 days

from the date of withdrawal to retain counsel or otherwise prepare to represent her

interests in this litigation.

Respectfully submitted:

**GANTZ ASSOCIATES**

Date: February 24, 2015          By:    Adam J. Gantz (P58558)_____
                                        Adam J. Gantz (P58558)
                                        Attorneys for Appellant
                                        31275 Northwestern Highway, Ste 208
                                        Farmington Hills, MI 48334
                                        Telephone: (248) 987-6505

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

BARBARA ELLIS,

     Appellant,

v

CHASE HOME FINANCE, LLC,
JPMORGAN CHASE BANK, N.A.,
DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee, and
UNKNOWN TRUST, the currently
unknown asset-backed security at issue,

     Defendants.

Appeal No. 15-1059

Trial Court No. 2:14-cv-11186
Honorable Laurie J. Michelson
Mag. Judge Michael J. Hluchaniuk

---

**GANTZ ASSOCIATES**

By: Adam J. Gantz (P58558)
Attorneys for Appellant
31275 Northwestern Highway, Ste 208
Farmington Hills, MI 48334
Telephone: (248) 987-6505
agantz@gantzassociates.com

**DYKEMA GOSSETT PLLC**

Kyle R. Dufrane (P58809)
Thomas H. Trapnell (P74345)
Attorneys for Appellees
400 Renaissance Center
Detroit, MI 48243
(313) 568-6529
kdufrane@dykema.com
ttrapnell@dykema.com

---

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW

    Gantz Associates (the "Attorneys"), hereby submits the following Brief in

support of its Motion for leave to withdraw as counsel for Appellant.

# **<u>TABLE OF CONTENTS</u>**

Index of Authorities ……………………………………………………………….. ii

Statement of Issues Presented……………………………………………........ iii

Statement of Facts…………………………………………………………………1

Law and Analysis ………………………………………………………………1-2

Conclusion ……………………………………………………………………......2

# INDEX OF AUTHORITIES

LR 83.30 …......………………...…………………………………………....…..1

MCR 2.117(B)(3)(a)……………………………………………………….……1

MRPC 1.16(b) …………..……………………………………….…………1-2

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.     Should this Court enter an order permitting the Attorneys to withdraw as counsel for Appellant, where there has been a serious and irreparable breakdown of the attorney-client relationship?

The Attorneys' answer is "yes."
Appellant's answer is presumably "yes."
Appellee's answer is presumably "yes."
The Court's answer should be "yes."

## STATEMENT OF FACTS

In the interest of brevity, the Attorneys hereby adopt and incorporate the factual allegations contained within their above Motion, as if fully set forth herein.

## LAW AND ANALYSIS

In support of this motion, the Attorneys rely on LR 83.30 and MCR 2.117(B)(3)(a), which authorize an attorney to seek leave of the Court to withdraw as counsel for a party.

The Attorneys further rely on the Michigan Rules of Professional Conduct, which establish that withdrawal should be granted by the Court where the client insists upon pursuing an objective that the lawyer considers imprudent (MRPC 1.16(b)(3)); where the client fails substantially to fulfil an obligation to the lawyer regarding the lawyer's services (MRPC 1.16(b)(4)); where the representation has been rendered unreasonably difficult by the client (MRPC 1.16(b)(5)); or where other good cause exists (MRPC 1.16(b)(6)).

Here, Appellant made arrangements to pay the remaining balance owing for the Trial Court litigation, as well as the appellate retainer and costs, within a matter of days, or at most weeks after the deadline to file an appeal as of right.

However, to date Appellant has failed and/or refused to pay anything towards her attorney fees and costs. In addition, Appellant is unwilling or unable to make any arrangements with the Attorneys to pay the same. As a result, Appellant

has failed to fulfil her obligations to her Attorneys regarding their services, in violation of MRPC 1.16(b)(4).

Moreover, Appellant continues, despite objections by the Attorneys, to demand that issues which were not addressed by the Trial Court be addressed on appeal, and further insists upon taking unilateral action against Appellee outside of this appeal, thereby pursuing an objective that is imprudent.

Finally, Appellant insists that the Attorneys brief statutes and legal precedents to this case which the Attorneys do not believe are in any way applicable to this case, including but not limited to Appellant's request that the Attorneys apply commercial bankruptcy rules to this residential consumer mortgage dispute.

This action has further rendered the Attorneys' representation unreasonably difficult, and in fact impossible, and good cause therefore exists for withdrawal in accordance with MRPC 1.16(b)(5) and (6).

## CONCLUSION

For the reasons stated in the motion and this brief, the Attorneys request the Court enter an order permitting them to withdraw as counsel for Appellant, and granting Appellant at least 30 days from the date of withdrawal to retain substitute counsel or otherwise prepare to represent her own interests in this action.

Respectfully submitted:

**GANTZ ASSOCIATES**

Date: February 24, 2015        By:    Adam J. Gantz_____
                                       Adam J. Gantz (P58558)
                                       Attorneys for Appellant
                                       31275 Northwestern Highway, Suite 208
                                       Farmington Hills, MI 48334
                                       Telephone: (248) 987-6505

<u>**PROOF OF SERVICE**</u>

On February 24, 2015, I served a copy of the instant Motion for Leave to Withdraw as Counsel for Appellant on opposing counsel via the Court's e-filing system, and on Appellant, Barbara Ellis, by first class mail, with postage fully prepaid, to her address of 8293 Huron River Drive, South Rockwood, MI 48179. I declare that the statement above is true to the best of my information, knowledge, and belief.

Respectfully submitted:

**GANTZ ASSOCIATES**

Date: February 24, 2015        By:    Adam J. Gantz_____
                                       Adam J. Gantz (P58558)
                                       Attorneys for Appellant
                                       31275 Northwestern Highway, Suite 208
                                       Farmington Hills, MI 48334
                                       Telephone: (248) 987-6505