# CASE NO. 15-1059

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

BARBARA ELLIS,

*Plaintiff-Appellant,*

vs.

CHASE HOME FINANCE, LLC, JPMORGAN CHASE BANK, N.A., DEUTCH [sic] BANK NATIONAL TRUST COMPANY, as Trustee, and UNKNOWN TRUST, the currently unknown asset-backed security at issue,

*Defendants-Appellees*

On Appeal from the United States District Court
for the Eastern District of Michigan, Southern Division
District Court Case No. 14-cv-11186
Hon. Laurie J. Michelson

## DEFENDANTS-APPELLEES' RESPONSE IN OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION TO SANCTION

Joseph H. Hickey (P41664)
Christyn M. Scott (P67485)
Thomas H. Trapnell (P74345)
*Attorneys for Defendants-Appellees*
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI 48243
(313) 568-6712
cscott@dykema.com
ttrapnell@dykema.com

## I. INTRODUCTION

The "Motion to Sanction" filed by Plaintiff/Appellant Barbara Ellis ("Plaintiff"), proceeding *pro se*, lacks any legal or factual basis and should be denied. It goes without saying that this Court's standards for applying sanctions must follow applicable law, and not the "customer complaint" standards proposed by Plaintiff in her Motion. (*See* Motion, p. 7).

Plaintiff fails to allege any conduct by Defendants/Appellees[1] and/or Defendants' counsel that could warrant sanctions. Other than invective directed against both the U.S. financial sector and the U.S. government, Plaintiff offers only the following in support of her request: (1) the "Standard of Review" section of Defendants' Brief cites two cases which Plaintiff deems inapposite; (2) Defendants' Brief notes in passing that the filing of Plaintiff's Brief was processed on May 13, 2015, but Plaintiff submitted her brief for filing on May 12, 2015; and (3) Defendants' counsel's website advertises the firm's expertise in expediting the commercial (as opposed to residential) foreclosure context. Plaintiff can point to no way in which any of the foregoing is misleading, frivolous, or otherwise improper.

Plaintiff's Motion should be denied.

## II. BACKGROUND

---

[1] JPMorgan Chase Bank, N.A. ("Chase") and Deutsche Bank National Trust Company, as Trustee ("Trustee") (jointly "Defendants").

1

This is a routine residential foreclosure lawsuit, in which Plaintiff was originally represented by counsel. The District Court ordered Plaintiff's Complaint dismissed with prejudice on December 16, 2014. (RE# 23, Order, Page ID # 775-791). Plaintiff filed a Notice of Appeal to this Court on January 14, 2015. Following a Court-ordered mediation session, Plaintiff's counsel filed a Motion to Withdraw, based on "the failure and/or refusal of the Appellant to pay any of her attorney fees or costs of this appeal; the insistence of Appellant to appeal new issues and/or issues that were not previously litigated in the underlying lawsuit; and the insistence of Appellant to take unilateral action against Appellees, outside of this appeal." (Doc. 15, Motion to Withdraw, Page ID# 2). The Court granted that Motion on February 25, 2015. (Doc. 16-2).

Plaintiff did not retain another attorney, and filed her Brief on Appeal pro se May 12, 2015. (Doc. 20-1). Defendants filed their Brief on June 15, 2015. On July 14, 2015, Plaintiff filed her reply brief, and then made two additional filings: (1) a document entitled "Correction of the Record," attaching a purported chronology of alleged events involving Plaintiff and/or her mother over the past several years (Doc. 26); and (2) Plaintiff's Motion to Sanction.

Plaintiff's Motion to Sanction, like much of her prior briefing in this matter, consists primarily of a diatribe against both the U.S. government and financial industry. *See* Motion, pp. 9-13. All of Defendants' and their counsel's supposedly

sanctionable conduct relates to the contents of Defendants' Brief.  First, Plaintiff claims that Defendants improperly cited unspecified cases dating back to 1975, because "these precedents pre-date the affirmative defense instituted by the U.S. Supreme Court in 2002."  (Motion, p. 15).  Next, Plaintiff asserts that Defendants made a "materially false statement to this court" by noting that Plaintiff filed her Brief on May 13 (the date the filing was processed), rather than on May 12 (the date Plaintiff actually filed her Brief).  (*Id.*, p. 16).  Plaintiff goes on to claim that the standard of review cited by Defendants is sanctionable, because the facts (as opposed to the procedural posture) of an unspecified case from 2009 are inapposite.  (*Id.*, p. 16).  Finally, Plaintiff states that Defendants' counsel "is in violation of the Michigan Rules of Professional Conduct as detailed in this brief and that they advertise these tactics on their website."  (*Id.*, p. 18).  Plaintiff apparently bases this claim on the fact that defense counsel's firm website advertises the firm's experience in expediting the <u>commercial</u> foreclosure process.  *See* Ex. G to Motion; *see also* Motion, p. 17.

## III.   STANDARD OF REVIEW

Fed. R. App. P. 38 permits the Court to sanction a party to an appeal when the appeal is prosecuted regarding issues that are already clearly resolved, or with the apparent motivation of delay, harassment, or other improper purposes.  *Wilton Corp. v. Ashland Castings Corp.,* 188 F.3d 670, 676 (6th Cir. 1999).  Fed. R. App.

3

P. 38, in conjunction with Fed. R. Civ. P. 11, permits this Court to sanction a party for making misrepresentations or frivolous arguments in its appellate brief, and/or for failing to cite controlling authority. *See, e.g., Borowski v. De Puy, Inc.,* 850 F.2d 297, 305-306 (7th Cir. 1988).

**IV.    PLAINTIFF DOES NOT SET FORTH ANY GROUNDS FOR AN AWARD OF SANCTIONS AGAINST DEFENDANTS AND/OR THEIR COUNSEL.**

Plaintiff's Motion should be denied, because she does not claim – and cannot claim – that Defendants' Brief contained either material misrepresentations, misstatements of applicable law, or frivolous arguments.  (And of course, Defendants are not the appellant and are not prosecuting this appeal).  Every instance of supposedly sanctionable conduct Plaintiff cites is either trivial (e.g., noting in passing that she filed her appellate brief on the date the filing was processed by the Court), or premised on a basic misunderstanding of the law and/or the judicial process.  For instance, Plaintiff apparently disputes Defendants' citation to *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) because of the year that decision was issued, but fails to point to any way in which the proposition for which that case was cited – namely, that this Court is not required to identify a *pro se* litigant's arguments for her – is inaccurate.  (Motion, p. 15).  Nor is there any rule or case law prohibiting the citation to pre-2002 cases, as Plaintiff seems to argue.  Similarly, Plaintiff appears to dispute Defendants'

4

citation to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) because the facts of that case are different than our case, notwithstanding the fact that *Iqbal* sets forth the well-recognized pleading standards applicable in all federal cases. (*Id.*, p. 16). As for the statements on Defendants' counsel's website, she has not shown them to be relevant, let alone false or sanctionable.

The only legal authority Plaintiff cites in support of her motion, *Chambers v. Nasco, Inc.,* 501 U.S. 32 (1991), is a sharp contrast to the instant litigation. *Chambers* addressed a years-long course of misleading conduct by a litigant, involving not only frivolous, dilatory filings, but conduct intended to commit fraud on the court. Here, by contrast, Plaintiff only quibbles with minor details of Defendants' briefing.

## V. CONCLUSION AND RELIEF REQUESTED

For all these reasons, the Court should deny Plaintiff's Motion.

*Respectfully submitted*,

**DYKEMA GOSSETT PLLC**

*/s/ Thomas H. Trapnell*
Joseph H. Hickey (P41664)
Christyn M. Scott (P67485)
Thomas H. Trapnell (P74345)
*Attorneys for Defendants-Appellees*
400 Renaissance Center
Detroit, MI 48243
(313) 568-6712

Date: July 24, 2015

## CERTIFICATE OF SERVICE

I certify that on the July 24, 2015, pursuant to 6 Cir. R. 25, I caused the foregoing to be filed electronically through the ECF system, and that I mailed a copy of the foregoing to Plaintiff-Appellant at the following addresses:

Barbara Ellis
8293 South Huron River Drive
South Rockwood, MI 48179
4barbls@gmail.com

**DYKEMA GOSSETT PLLC**

*/s/ Thomas H. Trapnell*
Thomas H. Trapnell (P74345)
*Attorneys for Defendants-Appellees*
400 Renaissance Center
Detroit, MI 48243
(313) 568-6712