RECEIVED
AUG 1 2 2015
DEBORAH S. HUNT, Clerk

Barbara Ellis
8293 South Huron River Drive
South Rockwood, MI 48179
August 7, 2015

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988
RE: Case #15-1059

To the Court:

This Pro Se Appellant submits the following issues to the Court for correction:

The Pro Se Appellant submits the listed text correction to the Appellant Motion To Sanction Reply Brief. The Appellant bold cased the bullet "A fine." This is simple typographical error as the Appellant was initially going to bold case every bullet, chose not to and then missed the correction on the first line. Unfortunately, it appears the Appellant is suggesting action when she has explicitly stated that only this Court is qualified to decide, not an attorney or a litigant.

## Statement Regarding Oral Argument

The Appellant has reviewed the docket and it appears unclear as to the status of oral arguments. When this Court determines how this case moves forward, the Court should note that this Appellant has and does request oral argument for the primary case and expressly for the Motion to Sanction for Bad Faith.

The Appellant points out that 6 Cir. R. 28 Briefs(b)(1)(B) states that the principal brief MAY include – before the jurisdictional statement – a statement of reasons why the court should hear oral argument under 6 Cir. R. 34 (a). But, there are multiple "briefs" - Principal, Appellant, Appellee, Response and Reply – FRAP 6 Cir. R. 34 (a) does not preclude a litigant from requesting oral argument in later "briefs". That is, the local rules appear to be accommodating by allowing a request oral argument from the onset, rather than be logically bound to whether matters requiring oral argument are raised and thus must be requested in a later brief.

Given that three federal judges are seated for oral argument and it extends time to a final disposition, this Appellant chose not to assume oral argument was necessary from the onset and waited for the Appellee Brief to make her determination. As this Court can see, not only did the Appellee Brief move this Appellant to request oral argument (Doc 24, Page 1, I. Statement Regarding Oral Argument), it also generated a Motion to Sanction for Bad Faith (Doc #25).

Hence, for the sake of clarity: This Appellant requests Oral Argument of Case #15-1059. These matters are extremely complex and the Appellant's reputation has been consistently and publicly blackened by the Appellee. Several issues that have finer points, such as the flood insurance factor and the disposition of state or federal bankruptcy law as it applies to this case.

Comparatively to other states, Michigan is somewhat unique in their classification and application of property rights. Hence, is unclear whether Michigan Bankruptcy laws i.e. the Appellee didn't act in the best interests of the Appellant or Federal Bankruptcy Law i.e. the Appellee illegally perfected their claim by fraudulently "remodifying" apply in fraud cases tried outside of Federal Bankruptcy Court. Or both. The Appellant contends sufficient malice aforethought proves both should be applied. Additionally, the Appellant requests the opportunity to defend her reputation as first, she went to extreme lengths to prevent this foreclosure and second, to prevent litigation, to no avail.

Additionally, the Pro Se Appellant requests oral argument of the Motion to Sanction for Bad Faith because, again, the Appellee consistently blackens the reputation of the Appellant, in spite Appellant's attempts at resolutions less drastic than full foreclosure.

It should be noted, that in spite of substantial resources to determine that the "document" is a motion, the Appellee obdurately chose to ignore procedure and question the purpose of the required Correction of the Record in their response instead of the motion. This Appellant submits that oral argument will expedite this Court's decision on the Motion as well as final disposition of the case and the Correction of the Record. This Appellant will bring her file boxes of documentation to oral argument and the Court may request documentation as necessary without having an excess of documentation (such as the Appellant's and the Appellant's mother's medical history) in the final record. Hence, this Court will be able to confidently confirm or deny the "purported" parts of the record without creating a precedent of admitting excessive documentation to support claims that are both very basic and very logical.

This Pro Se Appellant further requests the forbearance of this Court, as the Appellant's illness has caused much struggle under the unwelcome need to cram the rudimentary equivalent of a three year law degree into less than five months. Although happy to be in the (hopefully) final stages of healing, the Appellant is sorry that it occurred at the worst possible time for this case.

Thank you for your attention and forbearance in these matters.

Regards,

*Barbara Ellis*

Barbara Ellis
Pro Se Appellant
Case# 15-1059

# CERTIFICATE OF SERVICE

I certify that on August 10, 2015, pursuant to 6 Cir. R. 25, I mailed a copy of the foregoing to Defendant-Appellee via first class mail at the following address:

DYKEMA GOSSETT PLLC

Thomas H. Trapnell (P74345)
Attorney for Defendants-Appellees
400 Renaissance Center
Detroit, MI 48243

## § 28 Types of Sanctions

### A. GENERALLY

**The court is vested with broad discretion to fashion an appropriate inherent power sanction to redress abusive litigation practices.**

Inherent power sanctions are essentially punitive, designed to penalize bad faith abuses of the litigation process. While they may be used to compensate the opposing party for fees that should never have been incurred, their compensatory aspect is only incidental. It is within the discretion of the court to determine the appropriate sanction. …

Among the types of inherent power sanctions that the court, in its discretion, may choose to impose are:

1. A fine.

2. An award of reasonable attorneys' fees and expenses.

3. Disqualification of counsel.

4. Preclusion of claims or defenses or evidence.

5. Dismissal of the action.

6. Entry of a default judgment.

7. Suspension of counsel from practice before the court or disbarment.

8. Vacatur of a judgment for fraud. Brockton, 771 F.2d at 11. Cardiac Pacemakers, Inc. St. Jude Med., Inc., 2002 U.S. Dist. LEXIS 4000 at **193 (S.D. Ind. Feb. 13, 2002) ("a federal court has inherent power to vacate it's own judgment upon proof that a fraud has been perpetrated upon the court")** (citation and quotation omitted).

9. Injunctive relief limiting a person's future access to the courts.

10. A contempt citation.

11. Permitting adverse inference from document destruction.

12. Ordering Document Production.

13. Tolling Interest Accruing to Party Filing Frivolous Appeal.

