RECEIVED
SEP 1 0 2015
DEBORAH S. HUNT, Clerk

FILED
SEP 1 0 2015
DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BARBARA ELLIS, | Appeal No. 15-1059 |
| PRO SE Appellant, | Trial Court No. 2:14-CV-11186 |
| | Honorable Laurie J. Michelson |
| v | Mag. Judge Michael J. Chanukah |
| CHASE HOME FINANCE, LLC, JPMORGAN CHASE BANK, N.A., DEUTCH BANK NATIONAL TRUST COMPANY, as Trustee, and UNKNOWN TRUST, the currently unknown asset-backed security at issue. | |
| Defendants. | |

| | |
|---|---|
| BARBARA ELLIS<br>Pro Se<br>8293 South Huron River Drive<br>South Rockwood, MI 48179<br>Telephone: (734)672-0574<br>4barbls@gmail.com | DYKEMA GOSSETT PLLC<br>Kyle R. Dufrane (P58809)<br>Thomas H. Trapnell (P74345)<br>Attorneys for Appellees<br>400 Renaissance Center<br>Detroit, MI 48243<br>(313)568-6529<br>kdufrane@dykema.com<br>ttrapnell@dykema.com |

## MOTION TO EXTEND TIME TO FILE MOTIONS DUE TO ONGOING ILLNESS

Comes Barbara Ellis, PRO SE Appellant, and moves the Court for leave to file final pre-hearing Motions by August 16, 2015. This motion is a request for extension due to incapacity from the health issue referenced in prior correspondence (RE# 27-1, page 1, para 3) which is simply beyond her control.

This Appellant wishes this court to understand that she has not been vexatiously requesting fixed time periods – rather what she is experiencing is unexpected and unavoidable. The large quantity of detritus debrided throughout the month of August caused the Appellant to fall behind on many things in the home and business as well as

producing documents for this case. When she petitioned this Court on August 4, 2015 for an extension to August 9, 2015, the complex wound bed appeared to have stabilized and submitting remaining pre-trial documents seemed "doable."

The need for constant debridement since late July stopped long enough for the Appellant to get up and organize her workspace and materials to complete the pre-trial motions after working her home business for much needed income for about 4 hours..

Unfortunately, standing up and moving around must have shifted remaining detritus to the point of extreme pain and unavoidable distraction. In four days, not only has the Appellant filled another Ziploc bag with a substantial amount detritus – the agonizing pain indicates that yet another large piece of detritus is working its way out of the wound bed. In fact, the end of a large piece of detritus can be seen in the "lesion" that has been unhealed the longest and is located in the middle of the most inflammation. the Appellant has been unsuccessful in dislodging it as yet (see pictures).

Not to be deterred, this Appellant tried to work around this development by arranging to drive down to this court to file (instead of mailing) on September 9, 2015, sincerely hoping it would resolve in time to make the deadline. Not only are the motions unfinished, but the Appellant is currently unable to sit in a padded office chair for more than a minute much less sit in a car as a driver or passenger for the four hour drive to file.

The Appellant begs the court to understand that has not requested a continuance or leave to file out of time from this court because she did not want this Court to be waiting on an issue has recently been very unpredictable. The shedding of this type of detritus is a new phenomena, up until now, the Appellant needed mostly to prevent reinfection by protecting painful surface shedding through avoidance or bandages that would assist in closing. The Appellant has not slept more than two hours at a time in the last four nights as the pain and need to debride has created a round the clock sleep schedule not experienced since 2010 when autolytic debridement fluids required 3 to 4 bandage changes a day.

While this Appellant does fear this court may affirm and require her to somehow manage this health issue, arrange housing and income in spite of the damage to employment prospects, find a way to move her personal affects and liquidate over a thousand pieces of business inventory. There is, nevertheless, equal if not greater fear of

reinfection of this wound as occurred in May 2015 setting the wound back years.

The Appellant asks the court to note that the work necessary to attempt a competent and respectful appeal combined with the latest stage of her illness eliminates needed business income forces her to make this request. And that prior attempts to find another attorney were unsuccessful hence the Appellant was forced into Pro Se in the middle of this appeal due to illness, not choice.

Furthermore, as Michigan Law (Const 1963, art 1, §13, MCL 600.1430 and MCL 763.1) allows this Appellant to represent herself, the direction as to a Pro Se Appellant stems from the Michigan Civil Proceedings Bench Book section 1.6 "Pro Se Litigants," which clearly states "The court may reference particular statutes, court rules, or rules of evidence that may have significance in a particular case." However, it also states "An appellate court will not overlook a party's tactical errors or consider documentary evidence that was not submitted to the trial court merely because a party acted in propria persons." That is, now that the Appellee's 21 day Safe Harbor period has elapsed, this Pro Se Appellant must file at least one more pre-trial motion to this court in the interest of justice.

This request for an extension is out of illness and continues to extend hardships on the Appellant. The Appellant points out that she was very much concerned that this could happen and that the Appellee refused a non-monetary settlement offer that the Appellant directed her former attorney to present at court ordered mediation.

The Appellant apologizes to this Court if this motion is rambling or unclear. She is doing the best she can to work around this vexatious health problem, is exhausted, in pain and grateful to produce this motion at all under current circumstances. It is in no way for purposes of delay.

Respectfully submitted:

*Barbara Ellis*

Date: September 9, 2015

By: Barbara A. Ellis
PRO SE Appellant
8293 South Huron River Drive
Rockwood, MI 48179

## CERTIFICATE OF SERVICE

I certify that on September 9, 2015, pursuant to 6 Cir. R. 25, I mailed a copy of the foregoing to Defendant-Appellee via first class mail at the following address:

DYKEMA GOSSETT PLLC

Thomas H. Trapnell (P74345)
Attorney for Defendants-Appellees
400 Renaissance Center
Detroit, MI 48243

EXTREMELY URGENT! Please rush to Addressee

Print postage online – Go to usps.com/postageonline
Home or office at usps.com/pickup

PLEASE PRESS FIRMLY

ENVELOPE POSTAGE REQUIRED

When used internationally affix customs declarations (PS Form 2976, or 2976A).

USPS packaging products have been awarded Cradle to Cradle Certification[cm] for their ecologically-intelligent design. For more information go to mbdc.com/usps

Please recycle.

PLEASE PRESS FIRMLY

UNITED STATES POSTAL SERVICE
EXPRESS MAIL

Place Mailing Label Here:

Visit us at usps.com          We Deliver!

082708_EM_EP13F OCT 2008

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Express Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; Oct. 2008; All rights reserved.

UNITED STATES POSTAL SERVICE® Click-N-Ship®

09/09/15
usps.com
$18.11
US POSTAGE
Flat Rate Env
9470 1036 9930 0016 7904 26 0181 1000 0034 5202
Commercial Base Pricing
Mailed from 48179  062S0000000313

PRIORITY MAIL EXPRESS 1-DAY™

E

Scheduled Delivery Date: 09/10/15

C023
0007

BARBARA A ELLIS
8293 S HURON RIVER DR
S ROCKWOOD MI 48179-9513

WAIVER OF SIGNATURE
SCHEDULED DELIVERY 12:00 PM

SHIP TO:
OFFICE OF THE CLERK
SIXTH CIRCUIT US APPEALS COURT
100 E 5TH ST RM 540
CINCINNATI OH 45202-3988

USPS TRACKING #

9470 1036 9930 0016 7904 26

EP13F